IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE JAMES McKNIGHT                                    PETITIONER

VS.                                            CIVIL ACTION NO. 3:15cv547-DPJ-FKB

WARDEN BLACKMON                                         RESPONDENT

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2241 by a federal prisoner formerly incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo). Having considered the petition and response, the undersigned recommends that Petitioner's claim concerning placement in the BOP's Residential Drug Abuse Program (RDAP) be denied on the merits, and that the remainder of his claims be dismissed without prejudice.

At the time of the filing of the petition, Willie James McKnight was incarcerated at FCC-Yazoo, where Respondent is the warden.[1] In his petition, he alleges that at FCC-Yazoo, he was denied adequate medical care and was discriminated against and fired from his work assignment because of his sexual orientation. He also alleges that he was denied placement in RDAP because of his sexual orientation. Respondent argues that McKnight is not entitled to relief because he has failed to exhaust his administrative

---

[1] McKnight is currently incarcerated at the Federal Correctional Facility in Bennettsville, South Carolina. However, at the time of the filing of his petition, he was housed in a facility over which this court has jurisdiction. Jurisdiction over a § 2241 petition attaches at the time of filing; thus this court has jurisdiction, notwithstanding McKnight's transfer to a different facility and custodian. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

remedies, because § 2241 is not the proper vehicle for asserting his claims, and because he has failed to state a claim regarding denial of placement in RDAP.

Challenges to the execution of a sentence are generally to be brought in a habeas petition pursuant to § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). On the other hand, where a prisoner challenges conditions of his confinement that are unrelated to the cause of his detention or the timing of his release, a civil rights action is the appropriate vehicle. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1004). McKnight's claims of denial of medical care, discrimination regarding his work assignment, and other general allegations of discrimination fall into the latter category. While this court could construe these as *Bivens*[2] claims, such a construction would be futile, as McKnight's allegations do not indicate that Blackmon, the only defendant, had any direct involvement in the alleged constitutional violations. *See Guerrero-Aguilar v. Ruano*, 118 Fed. Appx. 832, 833 (5th Cir. 2004) (stating that *Bivens* requires a showing of personal involvement by defendant). For this reason, the undersigned recommends that these claims be dismissed without prejudice so that McKnight may pursue them in a civil rights action against the appropriate individuals. *See Lindberry v. United States*, 380 Fed. Appx. 452 (5th Cir. 2010) (affirming dismissal without prejudice of conditions-of-confinement claims asserted in a § 2241 petition).[3]

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] As stated *supra*, Respondent has argued that McKnight's claims are subject to dismissal for failure to exhaust his administrative remedies. However, McKnight has stated in his sworn petition that he was unable to exhaust because his prison counselor refused to provide him with the necessary forms. Because of McKnight's allegations, the undersigned has chosen not to reach the issue of exhaustion, since dismissal is warranted on other grounds.

It is not so clear, however, whether McKnight should have pursued his RDAP claim in a civil rights action, rather than by filing a habeas petition, as the Fifth Circuit has given conflicting signals on this point.[4]  However, there is no need for this court to decide this question, because however construed, McKnight's claim regarding RDAP eligibility fails on the merits.

McKnight contends that his denial of RDAP placement violated his right to equal protection, in that heterosexual inmates are allowed to participate in the program.  But in order to establish an equal protection violation, McKnight must show that he is similarly situated to those heterosexual inmates who were accepted into RDAP, *i.e.*, that he was eligible for RDAP.  *See Muhammad v. Lynaugh*, 966 F.2d 901, 902 (5th Cir. 1992) (equal protection claim requires showing that similarly situated individuals have been treated differently).

---

[4] Federal prisoners convicted of nonviolent offenses and who successfully complete RDAP are eligible for sentence reductions of up to one year. *See* 18 U.S.C. § 3621(e)(2)(B). However, the accelerated release is only discretionary, not automatic. *Id.*; *see also Lopez v. Davis*, 531 U.S. 230, 241 (stating that when eligible prisoner successfully completes the program, the BOP "has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"). For this reason, the Fifth Circuit has on numerous occasions held that there is no constitutionally protected liberty interest in early release for RDAP participation. See *Giraldo v. Laughlin*, 516 Fed. Appx. 404 (5th Cir. 2013); *Handley v. Chapman*, 587 F.3d 273, 281 (5th Cir. 2009) ("The Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP.") (quoting *Richardson v. Joslin*, 501 F.3d 415, 418-20 (5th Cir. 2007)); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998) (no protected liberty interest in receiving sentence reduction).  The Fifth Circuit has also held that where a challenged condition may affect the length of imprisonment, the test for determining whether the challenge may be pursued via a habeas petition is whether a favorable determination would "automatically entitle" the prisoner to accelerated release.  *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).  These cases would seem to indicate that a challenge to RDAP participation must be pursued in a civil rights action, not a § 2241 petition.  However, in *Cervante v. United States*, 402 Fed. Appx. 886 (5th Cir. 2010), the Fifth Circuit held, without discussion, that a prisoner's claim that he was wrongfully denied participation in the program could be raised under § 2241 because he was challenging a condition that affected the execution of his sentence.  Likewise, *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012), the court held, again without discussion, that a challenge to denial of entry into RDAP was proper under § 2241 because it could result in a sentence reduction.

The requirements for participation in RDAP are set forth in Program Statement 5330.11, which states in order to be admitted into RDAP, an inmate "must have a verifiable substance use disorder." Program Statement No. 5330.11, Ch. 2, § 550.53, *available at* https://www.bop.gov/policy/progstat/5330_011.pdf. Nowhere in his petition does McKnight allege that he has a substance abuse disorder or that he meets the eligibility requirements for the program. His only contention regarding eligibility is in his reply, in which he alleges that his PSI report indicated that he has a substance abuse problem. The relevant portion of that report, as quoted by McKnight in his reply, reads as follows.

> The defendant reported that at age 21, he first consumed alcohol. He advised that he occassionally [sic] drank and his last use was in July 2014. McKnight reported that at age 18, he first used Marijuana. He advised that he used a joint every six months on a social basis.

[17] at 6.[5] Assuming this description of McKnight's use of alcohol and drugs to be true, it is patently insufficient to establish an alcohol or drug abuse disorder. Because he has failed to set forth facts showing that he was similarly-situated to non-homosexual inmates who were accepted into RDAP, his equal protection claim is subject to dismissal for failure to state a claim.

For these reasons, the undersigned recommends that McKnight's claim regarding RDAP be dismissed with prejudice, and that the remainder of his claims be dismissed without prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within

---

[5] Although McKnight states in his reply that a copy of his PSI is attached, no copy is included with his filings. The quotation is taken from the body of McKnight's reply.

this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b*); Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of April, 2017.

s/ F. Keith Ball  
United States Magistrate Judge