UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE JAMES MCKNIGHT                                                               PETITIONER

v.                                                          CIVIL ACTION NO. 3:15cv547-DPJ-FKB

WARDEN B. E. BLACKMON                                                              RESPONDENT

ORDER

This 28 U.S.C. § 2241 habeas petition is before the Court on the Report and Recommendation ("R&R") [19] of Magistrate Judge F. Keith Ball.  Judge Ball recommended that Petitioner Willie James McKnight's claim concerning the Bureau of Prisons' treatment of his application for placement in its Residential Drug Abuse Program ("RDAP") be denied on the merits and that the remainder of McKnight's claims be dismissed without prejudice.  McKnight filed a timely Objection [20] to the R&R, and Respondent filed a Response [23].  In his Objection, McKnight takes issue only with Judge Ball's handling of the RDAP claim.  So as to Judge Ball's recommendation that "McKnight's claims of denial of medical care, discrimination regarding his work assignment, and other general allegations of discrimination" be "dismissed without prejudice so that McKnight may pursue them in a civil rights action against the appropriate individuals," the Court adopts the R&R as unopposed.  R&R [19] at 2.

Turning to the RDAP claim, McKnight alleges that he applied to participate in RDAP but was denied because he is openly gay.  Pet. [1] at 7.  Judge Ball noted that it is not clear "whether McKnight should have pursued his [sexual-orientation-discrimination] RDAP claim in a civil rights action, rather than by filing a habeas petition."  *Id.* at 3.  But he concluded that he need not "decide this question, because however construed, McKnight's claim regarding RDAP eligibility fails on the merits."  *Id.*  In particular, Judge Ball concluded that McKnight "failed to set forth facts showing that he was similarly[ ] situated to non-homosexual inmates who were accepted

into RDAP." *Id.* at 4; *see Muhammed v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992) ("To succeed in his equal protection claim [the plaintiff] must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated."). Judge Ball reasoned that McKnight's allegations failed on this point because he did not show that he was eligible for RDAP. R&R [19] at 4.

In his Objection, McKnight insists that he would have been able to show his eligibility for RDAP had the Health Services Department confirmed the physical proof of his substance use—track marks on his legs and upper forearms and "scarring from boils acquired from using non-sterile needles." Objection [20] at 4. And he intimates that prison officials' refusal to assist him in obtaining the proof necessary to gain admittance into RDAP was based on his homosexuality. *See id.* at 8.

The Court concludes that it need not address the merits of the RDAP claim because it should have been brought in a civil-rights action rather than as a habeas petition. Generally, a civil-rights lawsuit is "the proper vehicle to attack unconstitutional conditions of confinement and prison procedures," whereas "[a] habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Where "a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," the Fifth Circuit has "adopted a simple, bright-line rule" for determining whether the proper vehicle for that challenge is a habeas petition or a civil-rights action. *Id.* "If a favorable determination would not automatically entitle [the prisoner] to accelerated release, the proper vehicle is a [civil-rights] suit." *Id.* at 820–21 (internal quotation marks and citation omitted).

Applying the bright-line test to the RDAP claim, under the applicable statute, the Bureau of Prisons ("BOP") "may" reduce the sentence of a nonviolent offender who successfully

completes RDAP. 18 U.S.C. § 3621(e)(2)(B) (2012). This language is discretionary, giving the BOP "the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001); *accord Handley v. Chapman*, 587 F.3d 273, 281 (5th Cir. 2009) ("In granting eligibility for early release [for completion of an RDAP], the BOP has broad discretion that precludes the possibility of a liberty interest in early release under § 3621."). Thus, McKnight's successful completion of RDAP, were he permitted to participate, would not "automatically entitle" him to early release. *Carson*, 112 F.3d at 821. Under the Fifth Circuit's bright-line test, McKnight's claim should have been brought in a civil-rights action rather than as a habeas petition.[1]

As Judge Ball noted, the proper parties have not been named for a civil-rights suit. Moreover, the Court will not assume McKnight is inclined to pay the filing fee associated with such claims. Accordingly, it is ordered that the Report and Recommendation [19] of Magistrate Judge F. Keith Ball is adopted in part. McKnight's claims are all dismissed without prejudice so that McKnight may pursue them in a civil-rights action against the appropriate individuals.[2] A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of May, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] The Fifth Circuit took a different approach in *Gallegos-Hernandez v. United States*, without acknowledging *Carson*. 688 F.3d 190, 194 (5th Cir. 2012). But under the rule of orderliness, a subsequent panel "may not overrule or ignore a prior panel decision." *United States v. Ruiz*, 180 F.3d 675, 676 (5th Cir. 1999). So to the extent *Gallegos-Hernandez* conflicts with *Carson* and applies something other than the bright-line test, the Court is bound to follow *Carson*.

[2] If McKnight chooses to bring his claims in a civil-rights lawsuit, he is advised to act promptly as the applicable statute of limitations is running.